1   J. DAVID HADDEN (CSB No. 176148)
    dhadden@fenwick.com
2   SAINA S. SHAMILOV (CSB No. 215636)
    sshamilov@fenwick.com
3   CAROLYN CHANG (CSB No. 217933)
    cchang@fenwick.com
4   RAVI R. RANGANATH (CSB No. 272981)
    rranganath@fenwick.com
5   FENWICK & WEST LLP
    Silicon Valley Center, 801 California Street
6   Mountain View, CA 94041
    Telephone: 650.988.8500
7   Facsimile: 650.938.5200

8   Attorneys for Plaintiff
    AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STRAIGHT PATH IP GROUP, INC.,<br><br>　　　　　Defendant. | Case No. 14-4561<br><br>**DECLARATORY JUDGMENT COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amazon.com, Inc. ("Amazon") brings this action against Defendant Straight Path IP Group, Inc. ("Straight Path") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking a declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

2. Plaintiff Amazon is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.

3. On information and belief, Straight Path is a Delaware corporation with its principal place of business at 5300 Hickory Park Drive, Suite 218, Glen Allen, Virginia 23059.

**JURISDICTION**

4. This action arises under the Patent Laws of the United States, Title 35 of the United States Code, Sections 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Amazon and Straight Path. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Straight Path by virtue of, *inter alia*, its filing and pursuit of currently-pending patent litigation in this district.

**VENUE**

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Straight Path is subject to personal jurisdiction in this district.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this is an intellectual property action.

**GENERAL ALLEGATIONS**

8. Straight Path purports to be the owner of U.S. Patent No. 6,009,469 (the "'469 patent"), entitled "Graphical User Interface for Internet Telephony Application," a copy of which is attached as **Exhibit A**.

9. Straight Path purports to be the owner of U.S. Patent No. 6,108,704 (the "'704 patent"), entitled "Point-to-Point Protocol," a copy of which is attached as **Exhibit B**.

10. Straight Path purports to be the owner of U.S. Patent No. 6,131,121 (the "'121 patent"), entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses," a copy of which is attached as **Exhibit C**.

11. Straight Path has initiated several patent infringement actions alleging that numerous entities are making, using, selling, offering to sell, and/or importing products that allegedly infringe one or more claims of the '469, '704, and '121 patents.

12. Straight Path has initiated several patent infringement actions in this district, including an action against Apple Inc. (Case No. 3:14-cv-4302) alleging infringement of the '704 and '121 patents; an action against Avaya Inc. (Case No. 3:14-cv-4309) alleging infringement of the '469, '704, and '121 patents; and an action against Cisco Systems, Inc. (Case No. 3:14-cv-4312) alleging infringement of the '469, '704, and '121 patents.

13. Straight Path has also initiated several patent infringement actions in the Eastern District of Virginia, including Case No. 1:13-cv-934 AJT/IDD, which includes allegations that LG Electronics, Inc., LG Electronics USA, Inc., LG Electronics MobileComm U.S.A., Inc. (collectively "LGE"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc. (collectively "Toshiba"), and VIZIO, Inc. ("VIZIO") infringe one or more claims of the '469, '704, and '121 patents.

14. Straight Path has subpoenaed Amazon in Case No. 1:12-cv-934 AJT/IDD in the Eastern District of Virginia, seeking documents relating to Amazon's relationship with LGE, VIZIO, and Toshiba and the inclusion of the Amazon Instant Video software application in devices provided by these entities.

15. On information and belief, Straight Path asserts that LGE directly and/or indirectly infringes one or more claims of the '469, '704, and '121 patents by making, using, selling, offering for sale, or importing devices that include the Amazon Instant Video software application.

16. Pursuant to a written agreement between Amazon and LGE, LGE has requested that Amazon defend, indemnify, and hold harmless LGE against Straight Path's claims of infringement relating to the Amazon Instant Video service and software application.

17. On information and belief, Straight Path asserts or intends to assert that VIZIO directly and/or indirectly infringes one or more claims of the '469, '704, and '121 patents by making, using, selling, offering for sale, or importing devices that include the Amazon Instant Video software application.

18. Pursuant to written agreements between Amazon and VIZIO, VIZIO has requested that Amazon defend and indemnify VIZIO against Straight Path's claims of infringement relating to the Amazon Instant Video service and software application.

19. On information and belief, Straight Path intends to assert that Toshiba directly and/or indirectly infringes or infringed one or more claims of the '469, '704, and '121 patents by making, using, selling, offering for sale, or importing devices that include the Amazon Instant Video software application.

20. Straight Path has also initiated several patent infringement actions in the Eastern District of Texas, including Case No. 13-cv-606 (now consolidated with lead case 13-cv-604), which includes allegations that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") infringe one or more claims of the '469, '704, and '121 patents.

21. Samsung includes the Amazon Instant Video software application in certain devices made, used, sold, offered for sale, sold, or imported by Samsung.

22. Amazon has a direct and substantial interest in defeating any claims relating to the Amazon Instant Video service and software application and the alleged infringement of the '469, '704, and '121 patents.

23. Amazon denies that any of its technology, including the Amazon Instant Video service and software application, infringes any claim of the '469, '704, and '121 patents.

24. There is an actual, substantial, and continuing justiciable controversy between Amazon and Straight Path. Amazon and Straight Path have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '469, '704, and '121 patents.

**FIRST CLAIM – DECLARATION OF NON-INFRINGEMENT ('469 PATENT)**

25. Amazon restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 24 above.

26. Straight Path has alleged that certain devices that include the Amazon Instant Video software application infringe one or more claims of the '469 patent.

27. Amazon has not and does not make, use, sell, offer for sale, or import any product or technology, including its Amazon Instant Video service and software application, that infringes or contributes to any infringement of any claim of the '469 patent either literally or under the doc-

DECLARATORY JUDGMENT COMPLAINT
CASE NO. 14-4561

4

trine of equivalents. Amazon further has not and does not induce any infringement of any claim of the '469 patent.

28. An actual and justiciable controversy exists between Amazon and Straight Path as to Amazon's non-infringement of the '469 patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Amazon seeks a declaration that it does not infringe any claim of the '469 patent.

**SECOND CLAIM – DECLARATION OF NON-INFRINGEMENT ('704 PATENT)**

30. Amazon restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 24 above.

31. Straight Path has alleged that certain devices that include the Amazon Instant Video software application infringe one or more claims of the '704 patent.

32. Amazon has not and does not make, use, sell, offer for sale, or import any product or technology, including its Amazon Instant Video service and software application, that infringes or contributes to any infringement of any claim of the '704 patent either literally or under the doctrine of equivalents. Amazon further has not and does not induce any infringement of any claim of the '704 patent.

33. An actual and justiciable controversy exists between Amazon and Straight Path as to Amazon's non-infringement of the '704 patent.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Amazon seeks a declaration that it does not infringe any claim of the '704 patent.

**THIRD CLAIM – DECLARATION OF NON-INFRINGEMENT ('121 PATENT)**

35. Amazon restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 24above.

36. Straight Path has alleged that certain devices that include the Amazon Instant Video software application infringe one or more claims of the '121 patent.

37. Amazon has not and does not make, use, sell, offer for sale, or import any product or technology, including its Amazon Instant Video service and software application, that infringes or contributes to any infringement of any claim of the '121 patent either literally or under the doc-

trine of equivalents. Amazon further has not and does not induce any infringement of any claim of the '121 patent.

38. An actual and justiciable controversy exists between Amazon and Straight Path as to Amazon's non-infringement of the '121 patent.

39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Amazon seeks a declaration that it does not infringe any claim of the '121 patent.

## PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests judgment in its favor and against Straight Path as follows:

A. A declaration that Amazon has not and does not infringe, either directly or indirectly, any claim of the patents-in-suit;

B. An injunction against Straight Path, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any Amazon method, product, or technology, or others' use thereof, infringes any claim of any of the patents-in-suit;

C. A declaration that this case is exceptional and that Amazon is entitled to an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Any such other and further relief as the Court may deem just and fair.

Dated: October 13, 2014

FENWICK & WEST LLP

By: */s/ J. David Hadden*
       J. David Hadden

Attorneys for Plaintiff
AMAZON.COM, INC.

1 **DEMAND FOR JURY TRIAL**

2   Pursuant to Federal Rule of Civil Procedure 38, Amazon demands a jury trial on all issues
3 so triable in this complaint.

5 Dated: October 13, 2014             FENWICK & WEST LLP

7                     By:  */s/ J. David Hadden*
                              J. David Hadden

8                          Attorneys for Plaintiff
                           AMAZON.COM, INC.