**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| AMAZON.COM, INC.,                  ) | |
|                        ) | |
| Plaintiff,               ) | |
|                        ) | |
| v.                   ) | Civil Action No. 1:15-cv-00682 |
|                        ) | (AJT/TCB) |
| STRAIGHT PATH IP GROUP, INC.,    ) | |
|                        ) | |
| Defendant.            ) | |
|                        ) | |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's August 21, 2017 Scheduling Order (Dkt. No. 90), counsel for Plaintiff Amazon.com, Inc. ("Amazon") and Defendant Straight Path IP Group, Inc. ("Straight Path") conferred and hereby submit this Joint Proposed Discovery Plan in advance of the Rule 16 conference scheduled for September 13, 2017.  The parties met and conferred on both September 5, 2017 and September 6, 2017 and reached agreement on substantially all issues. The only areas of difference are indicated in bold/italics and the parties' respective positions are also stated.

## I.     PROTECTIVE ORDER

The parties shall submit a stipulated Protective Order on or before September 13, 2017, or if they fail to agree, by that date shall file any motions for entry of such orders for this Court's consideration.  The parties agree that until this Court enters a Protective Order, all documents and written discovery responses produced pursuant to this Plan shall be treated by the receiving

party as Outside Counsel Eyes Only.  No party may withhold the production of documents or written discovery responses, other than trade secrets, source code, or documents containing source code or trade secrets, based solely on the fact that the Protective Order has not yet been entered.

## II.     PLEADINGS

On or before September 15, 2017, Straight Path shall respond to the Complaint.

## III.    RULE 26(A)(1) INITIAL DISCLOSURES

The parties shall serve their Rule 26(a)(1) disclosures on or before September 20, 2017.

## IV.    PRELIMINARY INFRINGEMENT AND INVALIDITY DISCLOSURES

No party shall withhold substantive responses to any discovery request served by the other party on the basis that the date for the responding party's Preliminary Disclosures has not yet arrived.

### A.     Infringement Disclosures

To the extent Straight Path alleges infringement, Straight Path shall, on or before *[Straight Path proposes September 22, 2017 / Amazon proposes September 15, 2017]*, serve an initial document production and its disclosure of asserted claims and infringement contentions that identifies, as specifically as possible, the following information:

> a.     An identification of all asserted claims.  Any amendment to this identification may be made only by order of the Court upon a timely showing of good cause.
>
> b.     An identification of all accused products, methods or other instrumentalities, including identification of any application that is accused of infringement by version number(s) to the extent Straight Path

2

has version information and is not prohibited from using such information in this action (e.g., version numbers available on the accused products tested by Straight Path).

c.      An identification, on a claim-by-claim basis, whether the patentee contends the accused instrumentalities infringe directly or by inducement or contributory infringement, including for each claim the applicable statutory subsection of 35 U.S.C. § 271 asserted.

d.      Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality.

e.      An identification of which claim elements the patentee contends should be construed under 35 U.S.C. §112 ¶ 6 (means-plus-function), and for each such element, an identification of all supporting structure, material, or art disclosed in the specification.

f.      A chart comparing each asserted claim to each accused instrumentality on a limitation-by-limitation basis, identifying how the patentee contends the accused instrumentality meets each limitation of each asserted claim (including structure, material or acts for elements the patentee contends should be construed under 35 U.S.C. §112 ¶6). Each accused product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

    g.       A description of any of Straight Path's asserted commercial embodiments of the invention, including but not limited to:

       i.      Whether Straight Path asserts that any of its past or present products are covered by the asserted claims.

      ii.      The dates of the first public use of any such embodiment.

    iii.      The dates of the first sale and first offer for sale of any such embodiment.

    iv.      For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

     v.      Documents relating to or corroborating conception, reduction to practice and diligence, and, for each patent application to which the patentee claims priority for each such claim, an identification of the support for each claim element in such application.

    vi.      Production of a complete copy of the file histories for the patents-in-suit, including related patents claiming priority from either the patents-in-suit or their parents, foreign equivalents and their file histories.

    vii.      Production of all agreements to license or otherwise convey rights to or under any of the patents-in-suit.

    viii.      If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

**B.    Invalidity Disclosures**

To the extent Amazon alleges that the patents-in-suit are invalid, Amazon shall, on or before ***[Straight Path proposes October 6, 2017 / Amazon proposes October 13, 2017]***, serve an

4

initial document production and its preliminary invalidity contentions, which shall identify the following information to the extent it is then known by Amazon:

    a.    An identification, with particularity, of each item of prior art that the accused infringer contends invalidates any asserted claim of any of the patents-in-suit. Each prior art patent shall be identified by its number, country of origin and date of issue. Each prior art publication must be identified by its title, date of publication, and author and publisher. Prior art under the on-sale or public use or knowledge provisions of 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or by which the information was known or used, and to the extent known, the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicants.

    b.    An identification, on a claim-by-claim basis, whether the accused infringer contends the asserted claim is invalidated under 35 U.S.C. §102 and/or 103.

      c.      A chart identifying where specifically in each alleged item of prior art, or combination of items of prior art, each element of each asserted claim is found (including structure, material or acts for elements to be construed under 35 U.S.C. § 112 ¶ 6).  If obviousness is asserted based upon a combination of two or more prior art references, the accused infringer shall identify any reasons which it contends exist to combine items of prior art and the accused infringer shall also explain how such prior art is to be combined.

      d.      A statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description under 35 U.S.C. §112(1).

      e.      An identification of other grounds of invalidity and/or unenforceability asserted by the accused infringer.

      f.      A copy of each asserted prior art reference that is not in the file history or that has not already been disclosed.

## V.   MOTIONS REGARDING PATENTABILITY:

*Straight Path's Position:*

*Any motion alleging that any claim of the patents-in-suit is unpatentable under 35 U.S.C. § 101 shall be filed on or before **October 20, 2017**.  Any response to such a motion shall be filed on or before **October 31, 2017**.  To the extent such a motion is filed, Plaintiff respectfully requests that the Court set a hearing for the afternoon of Thursday, November 9, 2017.*

*Amazon's Position:*

*There should be no separate deadlines for motions pursuant to 35 U.S.C. § 101.*

## VI.     REPRESENTATIVE PRODUCTS

Straight Path shall serve on Amazon a list of proposed representative accused products based on Straight Path's infringement contentions on or before September 22, 2017.  This list shall also identify the products that each representative accused product is intended to represent. Amazon shall serve on Straight Path a response on or before October 6, 2017.  The parties shall meet-and-confer and file a final joint stipulation regarding representative accused products, if any, on or before October 13, 2017.

## VII.    DISCOVERY LIMITS

Unless otherwise indicated herein, the parties agree that discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia except where otherwise agreed or ordered by the Court.  Any party may later move to modify these limitations for good cause.

### A.     Interrogatories

Pursuant to this Court's Order (Dkt. No. 90), each party is limited to 30 interrogatories on the other party.

### B.     Requests for Admission

Each party is entitled to serve 20 requests for admission, except that each party is entitled to an unlimited number of requests for admission for authentication of documents.  The parties shall work together in good faith to agree to a stipulation as to the authenticity of its own documents prior to serving requests for admission relating to authenticity.

### C.      Fact Depositions

Each party is limited to a total of thirty (30) hours to take testimony by deposition of party witnesses, i.e., witnesses designated to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) and party employees testifying in their individual capacity.

Pursuant to this Court's Order (Dkt. No. 90), each side is limited to five (5) non-party, non-expert depositions.

The parties agree that, notwithstanding Local Civil Rule 30(D)-(E), each party shall bear its own costs and fees for transporting its counsel of record to any deposition taken beyond a division of this Court.

### D.      Expert Depositions

Each party may designate up to four testifying experts.  Each expert can be deposed for up to 7 hours for each report (whether it is an opening report served by the party bearing the burden of proof on the issue(s) the report addresses or a rebuttal report served by the party not bearing the burden of proof).

## VIII.  DOCUMENT PRODUCTION

Documents will be produced on a rolling basis.  All documents, including Electronically Stored Information ("ESI") and paper, shall be produced in single-page TIFF format.  Each document shall be accompanied by corresponding image load files, including corresponding searchable text files and indicators where the document begins and ends.  The documents produced shall be stamped with sequential Bates numbering.  The procedure for producing digitized version of documents in TIFF format shall not apply to spreadsheets in Microsoft Excel format or presentation documents in Microsoft PowerPoint format, or to documents whose native format prohibits or renders impractical their printing on standard-size paper (e.g., audio, video,

spreadsheets, database materials, or oversized documents such as maps).  Such documents shall be produced in their native format at the option of the producing party or at the request of the receiving party. The image filename of files produced in native format shall correspond to their respective assigned Bates numbers.  A party producing native files will produce corresponding TIFF placeholder bearing the appropriate Bates numbers.

Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data.

## IX.  DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)

The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control.  The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.   Discovery of ESI shall be conducted as follows:

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email, parties must propound specific email production requests.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. To the extent that a party intends to propound email production request(s), that party shall so notify the other party.  The parties agree to meet and confer within two business days after receipt of such notice (the "Notice") to discuss and negotiate, in good faith, the proper custodians, the proper search terms, and the proper time frame for e-mail production.  Email production requests shall identify the custodians, search terms, and time frame.

Each requesting party shall limit its email production requests to a total of five (5) custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the custodian, size, complexity, and issues of this specific case.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected

ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

1. Deleted, slack, fragmented, or other data only accessible by forensics;

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

3. On-line access data such as temporary internet files, history, cache, cookies, and the like;

4. Data in metadata fields that are frequently updated automatically, such as last opened dates;

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere;

6. Voice messages;

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere;

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

10. Logs of calls made from mobile devices;

11. Server, system or network logs;

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report;

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

The parties will address source code production and any other ESI-related issues in their proposed protective order to govern this case.

## X.      DISCOVERY DEADLINES

All fact discovery in this matter (including any third-party discovery) shall be completed by December 1, 2017.  Pursuant to the Court's Order (Dkt. No. 90), all other discovery (including expert discovery) shall be completed by January 12, 2018.

## XI.     SERVICE

The parties agree to accept service by email for all pleadings, motions, filings, discovery requests, or discovery responses.  For any portion of the pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by email.  Service via electronic mail on all attorneys of a record for a party shall count as service via hand-delivery on that day for the purposes of calculating response dates provided the materials are sent before 7:00 P.M. Eastern time on a business day.  Any discovery requests served after 7:00 P.M. Eastern time or not served on a business day shall be considered to have been served on the following business day.

If the transmission of voluminous pleadings or other materials as an email attachment is impractical, then those materials shall be served by File Transfer Protocol or a similar service for transferring files.

## XII.    PRIVILEGE LOGS

The party responding to discovery shall provide a privilege log for all material for which a privilege is claimed.  The log will identify the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); (4) a brief description of the document; and (5) the basis for the privilege assertion.  The parties agree that privileged communications between a

party to this case and its counsel after October 13, 2014 relating to or in anticipation of this litigation need not be logged, except opinions of counsel with respect to infringement, validity, or enforceability upon which the party intends to rely at trial.

## XIII.  THIRD-PARTY PRODUCTIONS

Consistent with the provisions of the Protective Order, any party that receives documents from a third party in the context of this litigation, including, but not limited to, in response to a subpoena, will reproduce those documents to the other side or, as appropriate, relevant parties within three (3) business days.  Unless otherwise agreed by the parties, in no event shall the deposition of a third party proceed unless any documents received from or produced by the third party have been made available to each party at least forty-eight hours prior to the deposition.

## XIV.  EXPERT DISCOVERY

The parties shall identify any experts they will rely upon in this matter on or before November 15, 2017.  Parties shall exchange expert disclosures pursuant to Rule 26(a)(2) on subjects on which they bear the burden on or before *[Straight Path proposes December 15 / Amazon proposes December 1, 2017]*. The parties shall exchange any rebuttal expert disclosures on or before *[Straight Path proposes January 5, 2018 / Amazon proposes December 21, 2017.]* All discovery in this matter (including any expert depositions) shall be complete by January 12, 2018.  To the extent that documents and things relied upon by any expert witness in forming an opinion rendered in this case have not been previously produced during discovery, each party shall produce, without requiring a subpoena to its experts, any such documents in the possession, custody, or control of the party or its experts (but excluding drafts, notes, and written communications pursuant to Federal Rule of Civil Procedure 26(a)(2) and 26(b)(3) as amended), on the same day as service of the expert reports.  Within ten (10) days after the Court's claim

13

construction ruling, the parties shall have the right to serve supplemental, amended, or revised

expert disclosures responding specifically to those claim construction rulings.

## XV.    CLAIM CONSTRUCTION

Straight Path contends that claim construction proceedings are not necessary. Amazon

proposes that on or before October 4, 2017, each party shall serve on the other a list of claim

terms, phrases, or clauses that it contends should be construed by the Court.  On or before

October 13, 2017, each party shall serve on the other proposed constructions for the identified

claim terms, including, for each element that any party contends is governed by 35 U.S.C. § 112

¶ 6, an identification of the structure, material or acts corresponding to that element.  On that

same date, each party shall also identify any extrinsic evidence known to the party on which it

intends to rely.  However, the parties are not required to exchange any expert declarations at this

time and only need to provide a general description of the subject-matter of any expert testimony

on which a party intends to rely.  Thereafter, the parties shall confer and finalize a list of claim

terms, phrases, or clauses to be construed by the Court and discuss their proposed constructions

in an effort to narrow the disputes for the Court.

The parties shall file simultaneous opening briefs in support of their claim construction

positions on or before October 23, 2017, and shall file simultaneous response briefs on or before

November 2, 2017.  The parties shall submit their joint claim construction statement to the Court

no later than five (5) days prior to the Markman hearing.  The parties request that the Court set a

Markman hearing for the afternoon of Thursday, November 9, 2017.

## XVI.  DISPOSITIVE MOTIONS

Dispositive motions, opening briefs, and any evidence in support thereof may be filed at

any time before January 16, 2018.

## XVII.  SETTLEMENT CONFERENCE

A settlement conference may be requested by the agreement of both parties at any time in this case.

## XVIII. PRE-TRIAL

### A.      Final Pretrial Conference

Pursuant to the Court's August 21, 2017 Scheduling Order (Dkt. No. 90), the Final Pretrial Conference will be held on January 18, 2018.

### B.      Pretrial Disclosures

Pursuant to the Court's Order (Dkt. No. 90), the parties shall electronically file Rule 26(a)(3) disclosures, a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts on or before January 18, 2018.  The exhibits themselves or a copy shall be exchanged with opposing counsel before the conference.  All objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed no later than January 29, 2018.  The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).  The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).

## XIX.  TRIAL

### A.      Magistrate Judge

The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial in this matter.

### B.      Jury Trial

A jury trial has been demanded.

### C.      Trial Time

The parties anticipate that the trial will last approximately 7 days.

## XX.   MODIFICATION

The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

September 6, 2017

Respectfully submitted,

**AMAZON.COM, INC.**

*/s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
    robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
    la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1246
Facsimile:  (804) 697-1339

Mary Catherine Zinsner (VSB No. 31397)
    mary.zinsner@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4363
Facsimile: (703) 734-4340

*Of counsel:*
J. David Hadden *
    dhadden@fenwick.com
Saina Shamilov *
    sshamilov@fenwick.com
Ravi R. Ranganath*
    rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

*\* Admitted Pro Hac Vice*

September 6, 2017                    Respectfully submitted,

                                    **STRAIGHT PATH IP GROUP, INC.**


                                    */s/ Robert G. Kidwell*
                                    Robert G. Kidwell (VSB No. 47040)
                                        rgkidwell@mintz.com
                                    MINTZ, LEVIN, COHN, FERRIS,
                                    GLOVSKY AND POPEO, P.C.
                                    701 Pennsylvania Ave, NW, Suite 900
                                    Washington, DC  20004
                                    Telephone:  (202) 434-7300
                                    Facsimile:  (202) 434-7400

*Of counsel:*
Michael T. Renaud
    mtrenaud@mintz.com
William A. Meunier*
Michael C. Newman*
    mcnewman@mintz.com
Nicholas W. Armington
    nwarmington@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02110
Telephone:  (617)542-6000
Facsimile:  (617) 542-2241


*\* Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of September, 2017, I electronically filed the

foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send

a notification of such filing (NEF) to the following:

Robert G. Kidwell.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Ave, NW, Suite 900
Washington, DC  20004
rgkidwell@mintz.com

*Counsel for Defendant Straight Path IP Group, Inc.*

*/s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
    robert.angle @troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1246
Facsimile:  (804) 697-1339

*Counsel for Plaintiff Amazon.com, Inc.*