IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| AMAZON.COM, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-00682 (AJT/TCB) |
| STRAIGHT PATH IP GROUP, INC., | ) ) ) | |
| Defendant. | ) ) | |

**BRIEF OF PLAINTIFF AMAZON.COM, INC.
IN ADVANCE OF RULE 16(B) CONFERENCE**

Plaintiff Amazon.com, Inc. ("Amazon") respectfully submits this brief in advance of the Rule 16 conference scheduled for September 13, 2017. (Dkt. No. 90.) Amazon and Defendant Straight Path IP Group, Inc. ("Straight Path") conferred in advance of submitting their Joint Proposed Discovery Plan (Dkt. No. 93) and reached agreement on all but three issues: (1) the timing of infringement and invalidity contentions disclosures; (2) whether the schedule should include a deadline for filing of motions under 35 U.S.C. § 101; and (3) the timing of expert reports. Amazon provides its position on each below.

**I.  TIMING OF INFRINGEMENT AND INVALIDITY CONTENTIONS**

At the core of this dispute is whether Amazon should have 28 days customary in this district after receipt of Straight Path's infringement contentions to serve its invalidity contentions (from September 15 to October 13), as proposed by Amazon, or only two weeks (from September 22 to October 6) as proposed by Straight Path. (Dkt. No. 93, § IV(A)-(B).) The

1

Court should adopt Amazon's proposal because in this case Straight Path asserts three patents with over 70 combined claims, each of which requires a separate invalidity analysis, and Amazon will not know which of these 70 claims Straight Path will assert or how they will be asserted until Straight Path discloses its infringement contentions. Straight Path's proposal would require Amazon to review and analyze Straight Path's infringement contentions, determine which claims Straight Path asserts, perform a prior art search and prepare its invalidity contentions in just two weeks. This is unreasonable and inconsistent with the scheduling orders that the Court has entered in other patent matters.

Straight Path's proposal creates an unnecessary scheduling crunch because it seeks an extra week to serve its infringement contentions. But Straight Path should already have those contentions prepared. Amazon's declaratory judgment complaint has now been pending since October 13, 2014. (Dkt. No. 1.) Straight Path served a subpoena on Amazon seeking discovery regarding Amazon Instant Video and served infringement contentions targeting Amazon Instant Video—the events that gave rise to Amazon's declaratory judgment claims—in October 2014. (*See, e.g.*, VIZIO Case, Dkt. No. 156-1 (identifying representative products including Smart TV and other products incorporating Amazon Instant Video).) And over a year ago, in May 2016, Straight Path requested that the Court lift the stay on this case so that it could proceed with its infringement claims. (Dkt. No. 64.) Straight Path has had years to prepare its infringement contentions. Under these circumstances, giving Straight Path an extra week to serve its infringement contentions while forcing Amazon to serve invalidity contentions—that depend on what Straight Path includes in its infringement contentions—in just two weeks would be fundamentally unfair.

The Court should therefore adopt Amazon's proposal, which, consistent with scheduling orders that the Court has entered in other patent matters, allows a reasonable period of 28 days between the disclosure of asserted claims and the deadline to serve invalidity contentions. (*See* Exs. A-B.)

## II. DEADLINE FOR SECTION 101 MOTIONS

Straight Path proposes that the Court set a deadline of October 20, 2017 for Amazon to file any motion challenging the eligibility of the asserted patents. (Dkt. No. 93, § V.) However, such a deadline would be inconsistent with the Federal Rules of Civil Procedure. Under the Federal Rules, Amazon can challenge the patent-eligibility of the asserted claims under Section 101 through a motion for judgment on the pleadings, which may be filed at any time "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R. Civ. P. 12(c). Alternatively, Amazon could seek summary judgment of Section 101 invalidity, in which case it would have to file a motion by the parties' agreed deadline for case dispositive motions, January 16, 2018. There is no reason to carve out a separate deadline for the issue of Section 101 invalidity when the Federal Rules and the agreed discovery plan already govern such motions.[1] The Court should therefore decline to set a deadline for the filing of Section 101 motions.

## III. EXPERT REPORT DEADLINES

Both parties' proposed schedules for expert reports allow for 21 days between the exchange of opening and rebuttal reports. The parties dispute when those expert disclosures should begin. Amazon proposes that opening expert reports be served on the same day as the close of fact discovery, December 1, so that rebuttal reports would be served on December 21, in

---

[1] Moreover, given that Local Rule 56(C) prohibits filing "separate motions for summary judgment addressing separate grounds for summary judgment," Straight Path's proposal would force Amazon to risk losing its ability to file a later summary judgment motion if it filed an early summary judgment motion based on Section 101 as Straight Path proposes.

3

advance of the holidays.  (Dkt. No. 93, § XIV.)  Straight Path proposes a two week cushion between the close of fact discovery and the opening expert report deadline (December 15), which would force Amazon to prepare its rebuttal expert reports on non-infringement and damages over the Christmas and New Year's holidays.  Straight Path's proposal is unreasonable and would create an unnecessary burden on Amazon's in-house counsel, employees, and experts and interfere with their important holiday travel plans and family obligations.

Straight Path cannot justify its proposed schedule by pointing to the close of fact discovery on December 1, as this Court routinely requires that expert reports be completed before the close of fact discovery.  Indeed, that is exactly what the Court's initial pretrial order requires.  (*See* Dkt. No. 90 (ordering parties to adopt schedule that completes all discovery, fact and expert, by January 12, 2018).)  The Court should therefore adopt Amazon's proposed dates for expert disclosures.

## IV.     CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court adopt Amazon's proposals for the disputed portions of the Joint Discovery Plan.


September 12, 2017                                     Respectfully submitted,

                                                                  **AMAZON.COM, INC.**

*/s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
   robert.angle@troutman.com
Laura Anne Kuykendall (VSB No. 82318)
   la.kuykendall@troutman.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1246
Facsimile:  (804) 697-1339

                Mary Catherine Zinsner (VSB No. 31397)
                  mary.zinsner@troutman.com
                TROUTMAN SANDERS LLP
                1850 Towers Crescent Plaza, Suite 500
                Tysons Corner, Virginia 22182
                Telephone: (703) 734-4363
                Facsimile: (703) 734-4340

*Of counsel:*
J. David Hadden *
  dhadden@fenwick.com
Saina Shamilov *
  sshamilov@fenwick.com
Ravi R. Ranganath*
  rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

*\* Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

> Robert G. Kidwell.
> Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
> 701 Pennsylvania Ave, NW, Suite 900
> Washington, DC  20004
> rgkidwell@mintz.com
>
> *Counsel for Defendant Straight Path IP Group, Inc.*

> */s/ Robert A. Angle*
> Robert A. Angle (VSB No. 37691)
>     robert.angle @troutman.com
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia  23219
> Telephone:  (804) 697-1246
> Facsimile:  (804) 697-1339
>
> *Counsel for Plaintiff Amazon.com, Inc.*