**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| AMAZON.COM, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>STRAIGHT PATH IP GROUP, INC.,<br><br>    Defendant. | Civil Action No. 1:15-cv-682 (AJT/TCB)<br><br>Judge: Hon. Anthony J. Trenga |

**STRAIGHT PATH IP GROUP, INC.'S ANSWER TO
AMAZON.COM, INC.'S DECLARATORY JUDGMENT
COMPLAINT AND COUNTERCLAIMS**

Defendant/Counterclaimant Straight Path IP Group, Inc. ("Straight Path"), by and through their undersigned counsel, respectively answer the Complaint by Amazon.com, Inc. ("Amazon") and plead counterclaims as follows:

**NATURE OF ACTION**

1. Straight Path admits that the Complaint purports to be a civil action seeking a declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202. Straight Path denies the remaining allegations in paragraph 1.

**PARTIES**

2. Straight Path is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis denies them.

3. Admitted.

## JURISDICTION

4. Straight Path admits that because Amazon alleges that this action arises under the Patent Laws of the United States, namely Title 35 of the United States Code, Sections 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, but Straight Path specifically denies that Amazon does not infringe the patents-in-suit.

5. Admitted.

## VENUE

6. Straight Path admits that venue is proper. Straight Path denies the remaining allegations in paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Straight Path admits that this is an intellectual property action. Straight Path denies that Norther District of California Civil L.R. 3-2(c) is applicable because this matter is now pending in the Eastern District of Virginia.

## GENERAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16.  Straight Path is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies them.

17.  Admitted.

18.  Straight Path is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.

19.  Denied.

20.  Admitted.

21.  Admitted.

22.  Straight Path is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies them.

23.  Denied.

24.  Straight Path admits that there exists a substantial controversy between Straight Path and Amazon, two parties with adverse interests, regarding the infringement of the patents-in-suit. Straight Path specifically denies that Amazon is entitled to declaratory judgment on any of its claims, and also denies the remaining allegations of paragraph 24.

## FIRST CLAIM – DECLARATION OF NON-INFRINGEMENT ('469 PATENT)

25.  Straight Path incorporates by reference its responses to paragraphs 1-24, inclusive, as though set forth fully in this paragraph.

26.  Admitted.

27.  Denied.

28.  Admitted.

29.  Straight Path admits that Amazon purports to seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, that it does not infringe any claim of the '469 patent. Straight Path denies the remaining allegations of paragraph 29.

## SECOND CLAIM – DECLARATION OF NON-INFRINGEMENT ('704 PATENT)

30. Straight Path incorporates by reference its responses to paragraphs 1-29, inclusive, as though set forth fully in this paragraph.

31. Admitted.

32. Denied.

33. Admitted.

34. Straight Path admits that Amazon purports to seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, that it does not infringe any claim of the '704 patent. Straight Path denies the remaining allegations of paragraph 34.

## THIRD CLAIM – DECLARATION OF NON-INFRINGEMENT ('121 PATENT)

35. Straight Path incorporates by reference its responses to paragraphs 1-34, inclusive, as though set forth fully in this paragraph.

36. Admitted.

37. Denied.

38. Admitted.

39. Straight Path admits that Amazon purports to seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., that it does not infringe any claim of the '121 patent. Straight Path denies the remaining allegations of paragraph 39.

## PRAYER FOR RELIEF

Paragraphs A-D of the Prayer for Relief in the Complaint do not require a response. Straight Path denies that Amazon is entitled to any relief, and denies any allegations contained in paragraphs A-D.

## DEMAND FOR A JURY TRIAL

Amazon's request for a jury trial does not require a response. To the extent that any allegations are included in this demand, Straight Path denies each and every such allegation. Straight Path also demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues so triable.

## COUNTERCLAIMS

Straight Path alleges on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

40. Straight Path incorporates by reference its responses to paragraphs 1-39, inclusive, as though set forth fully in this paragraph.

## THE PARTIES

41. Straight Path IP Group, Inc. is a Delaware corporation with its principal place of business at 5300 Hickory Park Drive, Suite 218, Glen Allen, VA 23059.

42. Amazon is a corporation organized and existing under the laws of the state of Delaware, with a principle place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

## JURISDICTION AND VENUE

43. This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

44. Amazon is subject to personal jurisdiction in the Commonwealth of Virginia because Amazon regularly transacts business in this judicial district by, among other things, offering Amazon's products and services to customers, business affiliates and partners located in this judicial district. In addition, Amazon is subject to personal jurisdiction by virtue of its pursuit of currently-pending patent litigation in this district.

45. Venue is proper in this District pursuant to the provisions of 28 U.S.C. § 1400(b). On information and belief, Amazon has at least one regular and established place of business in this District, including at least facilities located or soon to be located at, without limitation, 12900 Worldgate Dr., Herndon, VA 20170, 5000 Commerce Way, Petersburg, VA 23803, 1901 Meadowville Technology Parkway, Chester, VA 23836, and 11600 N. Lakeridge Parkway, Hanover, VA.  Altogether, Amazon has more than 7,000 employees in Virginia, not including seasonal workers, according to Gov. McAuliffe.  *See* Gonzalez, "Amazon Web Services to open East Coast campus in northern Virginia," Seattle Times (June 9, 2017), available at http://www.seattletimes.com/business/amazon/amazon-web-services-to-open-east-coast-campus-in-northern-virginia/ (last visited September 13, 2017).  Amazon has also announced plans to build a corporate campus in this district.  *Id.*  Further, on information and belief, Amazon conducts business in this District directly and/or through third parties or agents. On information and belief, Amazon has committed acts of infringement in this District by, without limitation, selling and/or offering to sell the infringing products. Additionally, Straight Path is headquartered and has its principal place of business in this District, and has been harmed by Defendants' conduct, business transactions and sales in this District.

# FIRST COUNTERCLAIM

(Infringement of U.S. Patent No. 6,009,469)

46.     Straight Path incorporates by reference its responses to paragraphs 40-45, inclusive, as though set forth fully in this paragraph.

47.     Straight Path owns by assignment the entire right, title, and interest in and to the '469 patent, including the right to bring this suit for damages.

48.     The '469 patent is entitled "Graphical User Interface for Internet Telephony Applications." A true and correct copy of the '469 patent is attached as Exhibit A and made a part hereof.

49.     The '469 patent expired on September 25, 2015, but is otherwise valid and enforceable under the United States Patent Laws.

50.     Straight Path is informed and believes that Amazon has infringed the '469 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly or indirectly, by making, using, offering for sale, or selling, importing, or selling for importation in the United States streaming services, including but not limited to Amazon Instant Video, Prime Instant Video, Amazon Video On Demand and LOVEFiLM Instant Streaming Services (collectively "Amazon Streaming Services") that infringed one or more claims of the '469 patent during the term of the patent.

51.     Straight Path is further informed and believes that, during the term of the '469 Patent, Amazon made, used, sold, offered to sell, and/or imported into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, or that employed systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '469 Patent. Such infringing devices include consumer electronics and display devices, including but not

7

limited to, Amazon Fire TV, as well ask other set top boxes, dongles, and tablets ("Amazon Devices") (together with Amazon Streaming Services, "Amazon Streaming Instrumentalities").

52.     Upon information and belief, Amazon has sold and offered for sale streaming services and devices, including but not limited to the Amazon Streaming Instrumentalities, knowing of the '469 patent, knowing the Amazon Streaming Instrumentalities to be specially made or adapted for infringing the '469 patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use the Amazon Streaming Instrumentalities in a manner that infringed the '469 patent during the term of the patent.

53.     Upon information and belief, Amazon, knowing of the '469 patent, actively induced infringement of the '469 patent by at least encouraging and instructing its customers and end users to use Amazon Streaming Instrumentalities in a manner that infringes the '469 patent, knowing that its actions would induce infringement of the '469 patent, knowing that infringement of the '469 patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '469 patent by its customers, including end users, of the accused services.  For example, during the term of the patent, Amazon Instant Video provided millions of users direct access to over 140,000 movies and television episodes through over 500 devices, including Amazon Fire TV, Smart TV's, Blu-ray players, game consoles, and smartphones manufactured and sold by myriad electronics companies. On information and belief these electronics companies include, but are not limited to LG Electronics, Inc. and related entities ("LGE"), VIZIO, Inc. ("VIZIO"), Samsung Electronics Co., Ltd. and related entities ("Samsung"), and Amazon itself.  On information and belief Amazon Instant Video functions generally the same regardless of what device it is used on.

54. Amazon's infringement of the '469 patent was exceptional and entitles Straight Path to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

55. Straight Path has been damaged by Amazon's infringement of the '469 patent.

56. Amazon's infringement of the '469 patent was willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Amazon had actual knowledge of its infringement of the '469 patent no later than September 25, 2012, when Straight Path approached Amazon to discuss a potential license.

## SECOND COUNTERCLAIM

(Infringement of U.S. Patent No. 6,108,704)

57. Straight Path incorporates by reference its responses to paragraphs 40-55, inclusive, as though set forth fully in this paragraph.

58. Straight Path owns by assignment the entire right, title, and interest in and to the '704 patent, including the right to bring this suit for damages.

59. The '704 patent is entitled "Point-to-Point Computer Network Communications Utility Utilizing Dynamically Assigned Network Protocol Addresses." A true and correct copy of the '704 patent is attached as Exhibit B and made a part hereof.

60. The '704 patent expired on September 25, 2015, but is otherwise valid and enforceable under the United States Patent Laws.

61. Straight Path is informed and believes that Amazon has infringed the '704 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly or indirectly, by making, using, offering for sale, selling, importing, or selling for importation in the United States streaming services such as, but not limited to the Amazon Streaming Services, that infringed one or more claims of the '704 patent during the term of the patent.

62. Straight Path is further informed and believes that, during the term of the '704 Patent, Amazon made, used, sold, offered to sell, and/or imported into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, or that employed systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '704 Patent. Such infringing devices include consumer electronics and display devices, including but not limited to, Amazon Devices.

63. Upon information and belief, Amazon has sold and offered for sale the Amazon Streaming Instrumentalities knowing of the '704 patent, knowing Amazon Streaming Instrumentalities to be specially made or adapted for infringing the '704 patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use Amazon Streaming Instrumentalities in a manner that infringed the '704 patent during the term of the patent.

64. Upon information and belief, Amazon, knowing of the '704 patent, actively induced infringement of the '704 patent by at least encouraging and instructing its customers and end users to use Amazon Streaming Instrumentalities in a manner that infringed the '704 patent, knowing that its actions would induce infringement of the '704 patent, knowing that infringement of the '704 patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '704 patent by its customers, including end users, of the accused services during the term of the patent. For example, during the term of the patent, Amazon Instant Video provided millions of users direct access to over 140,000 movies and television episodes through over 500 devices, including Amazon Fire TV,

Smart TV's, Blu-ray players, game consoles, and smartphones manufactured and sold by myriad electronics companies. On information and belief these electronics companies include, but are not limited to LG, VIZIO, Samsung, and Amazon itself. On information and belief Amazon Instant Video functions generally the same regardless of what device it is used on.

65. Amazon's infringement of the '704 patent was exceptional and entitles Straight Path to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

66. Straight Path has been damaged by Amazon's infringement of the '704 patent.

67. Amazon's infringement of the '704 patent was willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Amazon had actual knowledge of its infringement of the '704 patent no later than September 25, 2012, when Straight Path approached Amazon to discuss a potential license.

## THIRD COUNTERCLAIM

(Infringement of U.S. Patent No. 6,131,121)

68. Straight Path incorporates by reference its responses to paragraphs 40-65, inclusive, as though set forth fully in this paragraph.

69. Straight Path owns by assignment the entire right, title, and interest in and to the '121 patent, including the right to bring this suit for damages.

70. The '121 patent is entitled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses." A true and correct copy of the '121 patent is attached as Exhibit C and made a part hereof.

71. The '121 patent expired on September 25, 2015, but is otherwise valid and enforceable under the United States Patent Laws.

72. Straight Path is informed and believes that Amazon has infringed the '121 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly or indirectly, by making, using, offering for sale, selling, importing, or selling for importation in the United States streaming services including, but not limited to the Amazon Streaming Services, that infringed one or more claims of the '121 patent during the term of the patent.

73. Straight Path is further informed and believes that, during the term of the '121 Patent, Amazon made, used, sold, offered to sell, and/or imported into the United States for subsequent sale or use products, services, methods or processes that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, or that employed systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '121 Patent. Such infringing devices include consumer electronics and display devices, including but not limited to, Amazon Devices.

74. Upon information and belief, Amazon has sold and offered for sale the Amazon Streaming Instrumentalities knowing of the '121 patent, knowing Amazon Streaming Instrumentalities to be specially made or adapted for infringing the '121 patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing that at least its customers and end users use Amazon Streaming Instrumentalities in a manner that infringed the '121 patent during the term of the patent.

75. Upon information and belief, Amazon, knowing of the '121 patent, actively induced infringement of the '121 patent by at least encouraging and instructing its customers and end users to use Amazon Streaming Instrumentalities in a manner that infringes the '121 patent, knowing that its actions would induce infringement of the '121 patent, knowing that

infringement of the '121 patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '121 patent by its customers, including end users, of the accused services during the term of the patent. For example, during the term of the patent, Amazon Instant Video provided millions of users direct access to over 140,000 movies and television episodes through over 500 devices, including Amazon Fire TV, Smart TV's, Blu-ray players, game consoles, and smartphones manufactured and sold by myriad electronics companies. On information and belief these electronics companies include, but are not limited to LGE, VIZIO, Samsung, and Amazon itself. On information and belief Amazon Instant Video functions generally the same regardless of what device it is used on.

76. Amazon's infringement of the '121 patent is exceptional and entitles Straight Path to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

77. Straight Path has been damaged by Amazon's infringement of the '121 patent.

78. Amazon's infringement of the '121 patent was willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Amazon had actual knowledge of its infringement of the '121 patent no later than September 25, 2012, when Straight Path approached Amazon to discuss a potential license.

**PRAYER FOR RELIEF**

WHEREFORE, Straight Path respectfully requests the following relief:

(A) Dismiss the Complaint with prejudice;

(B) Declare that Amazon has infringed, contributed to the infringement, and/or induced the infringement of one or more claims of the '469, '704, and '121 patents;

(C) Declare that all claims of the '469, '704, and '121 patents were valid and enforceable during the term of the patent;

(D) Award Straight Path damages in an amount sufficient to compensate it for Amazon's infringement of the '469, '704, and '121 patents, together with accounting, pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284, but in no event less than a reasonable royalty, and increase such damages pursuant to 35 U.S.C. § 284 because of the knowing, willful and wanton nature of Amazon's conduct;

(E) Declare that this is an "exceptional case" pursuant to provision 35 U.S.C. § 285, and all other applicable law, and aware Straight Path all costs of suit and reasonable attorneys' fees pursuant to those provisions; and

(F) Order any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Straight Path demands a trial by jury on all issues so triable.

Dated: September 15, 2017

Respectfully submitted,
/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*

*OF COUNSEL For Defendant:*
Michael T. Renaud
James M. Wodarski
Michael J. McNamara
Michael C. Newman
Robert J. L. Moore
Kristina R. Cary
Nicholas W. Armington
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C.
One Financial Center
Boston, MA 02110
Phone: (617) 542-6000
Fax: (617) 542-2241

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of September, 2017, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com

*Counsel for Defendant Straight Path IP Group, Inc.*