THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

SEP 1 8 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

AMAZON.COM, INC.,        )
                              )
      Plaintiff,           )
                              )
v.                                 )   Civil Action No.1:15cv682
                              )
STRAIGHT PATH IP GROUP, INC.,    )
                              )
      Defendant.         )

### SCHEDULING ORDER

1.    Upon consideration of the representations made by the parties in submissions presented, the Court makes the following rulings:

a.    The REVISED Joint Proposed Discovery Plan (Doc. 97) is approved and shall control discovery to the extent of its application *as* modified by the Court.

2.    The following provisions shall apply to the filing and noticing of all motions:

(a)   All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.   All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the clerk's office** within one day of the electronic filing. *See*

"Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c) Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after **service** of the motion and a reply brief may be filed 6 days after **service** of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d). Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d)   In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday.  Under this expedited schedule, a response must be **filed** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed** as early as possible on Thursday to give the Court time to review all pleadings before the hearing.  At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e)   All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.  As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movants section, each of the movants enumerated facts and indicating whether the non-movant admits or

disputes the fact with appropriate citations to the record.  The
Court may assume that any fact identified by the movant as
undisputed in the movants brief that is not specifically
controverted in the non-movants brief in the manner set forth
above is admitted for the purpose of deciding the motion for
summary judgment.

(f)  Any motion to file a document under seal, including a
motion for entry of a protective order containing provisions for
filing documents under seal, must comply with Local Civil Rule
5.  **Local Civil Rule 5 has recently been amended.  The amended
version of Local Civil Rule 5 alleviates the need to file a
notice of hearing.**  The motion must state sufficient facts
supporting the action sought, and each proposed order must
include specific findings.  Where a party moves to file material
under seal because the opposing party has designated that
material as confidential, the opposing party must file a
response to the motion and a proposed order that meet the
requirements of Local Civil Rule 5.  Only the particular
material found to meet the required standard may be sealed, with
the remainder filed in the public record.  An unsealed, redacted
version of the filing in issue shall be filed with the motion to
seal.  Filings under seal are disfavored and discouraged.  *See
Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–
76 (4th Cir. 2004).

3.    To the extent either party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

4.    Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

5.    In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51.  Violation of this Rule will constitute a waiver of objections to any instructions given.  In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

It is so ORDERED.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Theresa Carroll Buchanan
United States Magistrate Judge

Date: September 18, 2017
Alexandria, Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| AMAZON.COM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-00682 |
| ) | (AJT/TCB) |
| STRAIGHT PATH IP GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REVISED JOINT PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's August 21, 2017

Scheduling Order (Dkt. No. 90), counsel for Plaintiff Amazon.com, Inc. ("Amazon") and

Defendant Straight Path IP Group, Inc. ("Straight Path") conferred and hereby submit this

Revised Joint Proposed Discovery Plan.[1]

### I.      PROTECTIVE ORDER

The parties shall submit a stipulated Protective Order on or before September 15, 2017,

or if they fail to agree, by that date shall file any motions for entry of such orders for this Court's

consideration.  The parties agree that until this Court enters a Protective Order, all documents

and written discovery responses produced pursuant to this Plan shall be treated by the receiving

party as Outside Counsel Eyes Only.  No party may withhold the production of documents or

---

[1] The Joint Discovery Plan previously filed on September 6, 2017 (Dkt. No. 93) has been revised to reflect the parties' agreements and the rulings stated on the record during the September 13, 2017 Rule 16(b) conference. *See* Dkt. No. 96.

written discovery responses, other than trade secrets, source code, or documents containing source code or trade secrets, based solely on the fact that the Protective Order has not yet been entered.

## II.      PLEADINGS

On or before September 15, 2017, Straight Path shall respond to the Complaint.

## III.     RULE 26(A)(1) INITIAL DISCLOSURES

The parties shall serve their Rule 26(a)(1) disclosures on or before September 20, 2017.

## IV.     PRELIMINARY INFRINGEMENT AND INVALIDITY DISCLOSURES

No party shall withhold substantive responses to any discovery request served by the other party on the basis that the date for the responding party's Preliminary Disclosures has not yet arrived.

### A.      Infringement Disclosures

To the extent Straight Path alleges infringement, Straight Path shall, on or before September 15, 2017, serve its disclosure of asserted claims.  Any amendment to this identification may be made only by order of the Court upon a timely showing of good cause. Straight Path shall, on or before September 22, 2017, serve an initial document production and its infringement contentions that identifies the following information:

a.      An identification of all accused products, methods or other instrumentalities, including identification of any application that is accused of infringement by version number(s) to the extent Straight Path has version information and is not prohibited from using such information in this action (e.g., version numbers available on the accused products tested by Straight Path).

b.   An identification, on a claim-by-claim basis, whether the patentee contends the accused instrumentalities infringe directly or by inducement or contributory infringement, including for each claim the applicable statutory subsection of 35 U.S.C. § 271 asserted.

c.   Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality.

d.   An identification of which claim elements the patentee contends should be construed under 35 U.S.C. §112 ¶ 6 (means-plus-function), and for each such element, an identification of all supporting structure, material, or art disclosed in the specification.

e.   A chart comparing each asserted claim to each accused instrumentality on a limitation-by-limitation basis, identifying how the patentee contends the accused instrumentality meets each limitation of each asserted claim (including structure, material or acts for elements the patentee contends should be construed under 35 U.S.C. §112 ¶6). Each accused product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

f.   A description of any of Straight Path's asserted commercial embodiments of the invention, including but not limited to:

i.      Whether Straight Path asserts that any of its past or present products are covered by the asserted claims.

ii.     The dates of the first public use of any such embodiment.

iii.    The dates of the first sale and first offer for sale of any such embodiment.

iv.    For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

v.     Documents relating to or corroborating conception, reduction to practice and diligence, and, for each patent application to which the patentee claims priority for each such claim, an identification of the support for each claim element in such application.

vi.    Production of a complete copy of the file histories for the patents-in-suit, including related patents claiming priority from either the patents-in-suit or their parents, foreign equivalents and their file histories.

vii.   Production of all agreements to license or otherwise convey rights to or under any of the patents-in-suit.

viii.  If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

**B.**    **Invalidity Disclosures**

To the extent Amazon alleges that the patents-in-suit are invalid, Amazon shall, on or before October 13, 2017, serve an initial document production and its preliminary invalidity contentions, which shall identify the following information to the extent it is then known by Amazon:

a.    An identification, with particularity, of each item of prior art that the accused infringer contends invalidates any asserted claim of any of the patents-in-suit. Each prior art patent shall be identified by its number, country of origin and date of issue. Each prior art publication must be identified by its title, date of publication, and author and publisher. Prior art under the on-sale or public use or knowledge provisions of 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or by which the information was known or used, and to the extent known, the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicants.

b.    An identification, on a claim-by-claim basis, whether the accused infringer contends the asserted claim is invalidated under 35 U.S.C. §102 and/or 103.

c.    A chart identifying where specifically in each alleged item of prior art, or combination of items of prior art, each element of each asserted claim is found (including structure, material or acts for elements to be construed

under 35 U.S.C. § 112 ¶ 6).  If obviousness is asserted based upon a combination of two or more prior art references, the accused infringer shall identify any reasons which it contends exist to combine items of prior art and the accused infringer shall also explain how such prior art is to be combined.

d.    A statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description under 35 U.S.C. §112(1).

e.    An identification of other grounds of invalidity and/or unenforceability asserted by the accused infringer.

f.    A copy of each asserted prior art reference that is not in the file history or that has not already been disclosed.

## V.    REPRESENTATIVE PRODUCTS

Straight Path shall serve on Amazon a list of proposed representative accused products based on Straight Path's infringement contentions on or before September 22, 2017.  This list shall also identify the products that each representative accused product is intended to represent. Amazon shall serve on Straight Path a response on or before October 6, 2017.  The parties shall meet-and-confer and file a final joint stipulation regarding representative accused products, if any, on or before October 13, 2017.

## VI.    DISCOVERY LIMITS

Unless otherwise indicated herein, the parties agree that discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia

except where otherwise agreed or ordered by the Court. Any party may later move to modify these limitations for good cause.

### A.     Interrogatories

Pursuant to this Court's Order (Dkt. No. 90), each party is limited to 30 interrogatories on the other party.

### B.     Requests for Admission

Each party is entitled to serve 20 requests for admission, except that each party is entitled to an unlimited number of requests for admission for authentication of documents. The parties shall work together in good faith to agree to a stipulation as to the authenticity of its own documents prior to serving requests for admission relating to authenticity.

### C.     Fact Depositions

Each party is limited to a total of thirty (30) hours to take testimony by deposition of party witnesses, i.e., witnesses designated to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) and party employees testifying in their individual capacity.

Pursuant to this Court's Order (Dkt. No. 90), each side is limited to five (5) non-party, non-expert depositions.

The parties agree that, notwithstanding Local Civil Rule 30(D)-(E), each party shall bear its own costs and fees for transporting its counsel of record to any deposition taken beyond a division of this Court.

### D.     Expert Depositions

Each party may designate up to four testifying experts. Each expert can be deposed for up to 7 hours for each report (whether it is an opening report served by the party bearing the burden of proof on the issue(s) the report addresses or a rebuttal report served by the party not bearing the burden of proof).

## VII.   DOCUMENT PRODUCTION

Documents will be produced on a rolling basis.  All documents, including Electronically Stored Information ("ESI") and paper, shall be produced in single-page TIFF format.  Each document shall be accompanied by corresponding image load files, including corresponding searchable text files and indicators where the document begins and ends.  The documents produced shall be stamped with sequential Bates numbering.  The procedure for producing digitized version of documents in TIFF format shall not apply to spreadsheets in Microsoft Excel format or presentation documents in Microsoft PowerPoint format, or to documents whose native format prohibits or renders impractical their printing on standard-size paper (e.g., audio, video, spreadsheets, database materials, or oversized documents such as maps).  Such documents shall be produced in their native format at the option of the producing party or at the request of the receiving party. The image filename of files produced in native format shall correspond to their respective assigned Bates numbers.  A party producing native files will produce corresponding TIFF placeholder bearing the appropriate Bates numbers.

Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data.

## VIII.   DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI)

The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control.  The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  Discovery of ESI shall be conducted as follows:

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. To the extent that a party intends to propound email production request(s), that party shall so notify the other party. The parties agree to meet and confer within two business days after receipt of such notice (the "Notice") to discuss and negotiate, in good faith, the proper custodians, the proper search terms, and the proper time frame for e-mail production. Email production requests shall identify the custodians, search terms, and time frame.

Each requesting party shall limit its email production requests to a total of five (5) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the custodian, size, complexity, and issues of this specific case. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are

variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

1. Deleted, slack, fragmented, or other data only accessible by forensics;

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

3. On-line access data such as temporary internet files, history, cache, cookies, and the like;

4. Data in metadata fields that are frequently updated automatically, such as last opened dates;

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere;

6. Voice messages;

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

8.  Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere;

9.  Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

10. Logs of calls made from mobile devices;

11. Server, system or network logs;

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report;

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

The parties will address source code production and any other ESI-related issues in their proposed protective order to govern this case.

## IX.   DISCOVERY DEADLINES

All fact discovery in this matter (including any third-party discovery) shall be completed by December 1, 2017. All expert discovery shall be completed by January 31, 2018.

## X.   SERVICE

The parties agree to accept service by email for all pleadings, motions, filings, discovery requests, or discovery responses. For any portion of the pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by email. Service via electronic mail on all attorneys of a record for a party shall count as service via hand-delivery on that day for the purposes of calculating response dates provided the materials are sent before 7:00 P.M. Eastern time on a business day. Any discovery requests served after 7:00 P.M. Eastern time or not served on a business day shall be considered to have been served on the following business day.

If the transmission of voluminous pleadings or other materials as an email attachment is
impractical, then those materials shall be served by File Transfer Protocol or a similar service for
transferring files.

## XI.    PRIVILEGE LOGS

The party responding to discovery shall provide a privilege log for all material for which
a privilege is claimed.  The log will identify the privileged document and: (1) the date of its
creation; (2) its author(s); (3) its recipient(s); (4) a brief description of the document; and (5) the
basis for the privilege assertion.  The parties agree that privileged communications between a
party to this case and its counsel after October 13, 2014 relating to or in anticipation of this
litigation need not be logged, except opinions of counsel with respect to infringement, validity,
or enforceability upon which the party intends to rely at trial.

## XII.    THIRD-PARTY PRODUCTIONS

Consistent with the provisions of the Protective Order, any party that receives documents
from a third party in the context of this litigation, including, but not limited to, in response to a
subpoena, will reproduce those documents to the other side or, as appropriate, relevant parties
within three (3) business days.  Unless otherwise agreed by the parties, in no event shall the
deposition of a third party proceed unless any documents received from or produced by the third
party have been made available to each party at least forty-eight hours prior to the deposition.

## XIII.    EXPERT DISCOVERY

The parties shall identify any experts they will rely upon in this matter on or before
November 15, 2017.  Parties shall exchange expert disclosures pursuant to Rule 26(a)(2) on
subjects on which they bear the burden on or before December 8, 2017.  The parties shall
exchange any rebuttal expert disclosures on or before January 8, 2018.  Expert discovery

(including any expert depositions) shall be completed by January 31, 2018.  To the extent that

documents and things relied upon by any expert witness in forming an opinion rendered in this

case have not been previously produced during discovery, each party shall produce, without

requiring a subpoena to its experts, any such documents in the possession, custody, or control of

the party or its experts (but excluding drafts, notes, and written communications pursuant to

Federal Rule of Civil Procedure 26(a)(2) and 26(b)(3) as amended), on the same day as service

of the expert reports.  Within ten (10) days after the Court's claim construction ruling, the parties

shall have the right to serve supplemental, amended, or revised expert disclosures responding

specifically to those claim construction rulings.

## XIV.   CLAIM CONSTRUCTION                              ~~126~~

~~, Straight Path contends that claim construction proceedings are not necessary~~.  Amazon

proposes that on or before October 4, 2017, each party shall serve on the other a list of claim

terms, phrases, or clauses that it contends should be construed by the Court.  On or before

October 13, 2017, each party shall serve on the other proposed constructions for the identified

claim terms, including, for each element that any party contends is governed by 35 U.S.C. § 112

¶ 6, an identification of the structure, material or acts corresponding to that element.  On that

same date, each party shall also identify any extrinsic evidence known to the party on which it

intends to rely.  However, the parties are not required to exchange any expert declarations at this

time and only need to provide a general description of the subject-matter of any expert testimony

on which a party intends to rely.  Thereafter, the parties shall confer and finalize a list of claim

terms, phrases, or clauses to be construed by the Court and discuss their proposed constructions

in an effort to narrow the disputes for the Court.

The parties shall file simultaneous opening briefs in support of their claim construction positions on or before October 23, 2017, and shall file simultaneous response briefs on or before November 2, 2017.  The parties shall submit their joint claim construction statement to the Court no later than five (5) days prior to the *Markman* hearing.  The parties request that the Court set a Markman hearing for the afternoon of Thursday, November 8, 2017.

## XV.   DISPOSITIVE MOTIONS

Dispositive motions, opening briefs, and any evidence in support thereof may be filed at any time before January 16, 2018.

## XVI.   SETTLEMENT CONFERENCE

A settlement conference may be requested by the agreement of both parties at any time in this case.

## XVII.   PRE-TRIAL

### A.   Final Pretrial Conference

Pursuant to the Court's August 21, 2017 Scheduling Order (Dkt. No. 90), the Final Pretrial Conference will be held on January 18, 2018.

### B.   Pretrial Disclosures

Pursuant to the Court's Order (Dkt. No. 90), the parties shall electronically file Rule 26(a)(3) disclosures, a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts on or before January 18, 2018.  The exhibits themselves or a copy shall be exchanged with opposing counsel before the conference.  All objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed no later than January 29, 2018.  The original exhibits shall be delivered to the clerk as provided by Local

Rule 79(A).  The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).

## XVIII. TRIAL

### A.  Magistrate Judge

The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial in this matter.

### B.  Jury Trial

A jury trial has been demanded.

### C.  Trial Time

The parties anticipate that the trial will last approximately 7 days.

## XIX.  MODIFICATION

The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

September 15, 2017                               Respectfully submitted,

                                                **AMAZON.COM, INC.**


                                                */s/ Laura Anne Kuykendall*
                                                Robert A. Angle (VSB No. 37691)
                                                   robert.angle@troutman.com
                                                Laura Anne Kuykendall (VSB No. 82318)
                                                   la.kuykendall@troutman.com
                                                TROUTMAN SANDERS LLP
                                                1001 Haxall Point
                                                Richmond, Virginia 23219
                                                Telephone:  (804) 697-1468
                                                Facsimile:  (804) 697-1339

                                                Mary Catherine Zinsner (VSB No. 31397)
                                                   mary.zinsner@troutman.com

TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: (703) 734-4363
Facsimile: (703) 734-4340

*Of counsel:*
J. David Hadden *
    dhadden@fenwick.com
Saina Shamilov *
    sshamilov@fenwick.com
Ravi R. Ranganath*
    rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

* *Admitted Pro Hac Vice*

September 15, 2017

Respectfully submitted,

**STRAIGHT PATH IP GROUP, INC.**

/s/ Robert G. Kidwell
Robert G. Kidwell (VSB No. 47040)
   rgkidwell@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
701 Pennsylvania Ave, NW, Suite 900
Washington, DC  20004
Telephone:  (202) 434-7300
Facsimile:  (202) 434-7400

*Of counsel:*
Michael T. Renaud
   mtrenaud@mintz.com
William A. Meunier*
Michael C. Newman*
   mcnewman@mintz.com
Nicholas W. Armington
   nwarmington@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02110
Telephone:  (617)542-6000
Facsimile:  (617) 542-2241


*\* Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2017, I electronically filed the

foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send

a notification of such filing (NEF) to the following:

> Robert G. Kidwell.
> Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
> 701 Pennsylvania Ave, NW, Suite 900
> Washington, DC  20004
> rgkidwell@mintz.com
>
> *Counsel for Defendant Straight Path IP Group, Inc.*

> */s/ Laura Anne Kuykendall*
> Laura Anne Kuykendall (VSB No. 82318)
> la.kuykendall@troutman.com
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia  23219
> Telephone:  (804) 697-1468
> Facsimile:  (804) 697-1339
>
> *Counsel for Plaintiff Amazon.com, Inc.*