IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



AMAZON.COM, INC.,

    Plaintiff,

    v.

STRAIGHT PATH IP GROUP, INC.,

    Defendant.

Civil Action No. 1:15-cv-00682
(AJT/TCB)

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, documents and information may be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information.

**IT IS HEREBY ORDERED THAT:**

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. (a) Any information submitted, in pre-trial discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this litigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be redacted

from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice.

    **(b)**    The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

    **3.**    In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this litigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information, witnesses who authored, received, or were copied on such documents, and necessary stenographic and clerical personnel thereof; (iii) experts and their staff who are employed for the purposes of this litigation; and (iv) the Court, the Court staff, and personnel of any governmental agency as authorized by the Court.

    **4.**    Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iii) unless he or she shall have first read this order and shall have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A).

    **5.**    If the Court orders, or if the supplier and all parties to the litigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Confidential business information may be used only for purposes of this action. Confidential business information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any individual other than individuals permitted under paragraphs 3, 4, and 5 until and unless (a) the supplier waives the claim of confidentiality, or (b) the Court orders such disclosure. In the event that a receiving party intends to file any documents with the Court that constitute or contain confidential business information of a supplier, the receiving party shall, consistent with Local Civil Rule 5, seek the Court's leave to file such documents and/or confidential business information under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment B hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. If while a litigation is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the

supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the litigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within five days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court, which will rule upon the matter. The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

9. No less than five (5) days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall provide to the supplier the following: (i) the expert's full name; (ii) a signed "Acknowledgment and Agreement to Be Bound" (Attachment A); (iii) a current curriculum vitae; (iv) a list of the expert's past and present employment, and/or consulting relationships for the last four (4) years; and (v) an identification (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within five (5) days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Court for a ruling. If the litigation is before the Court the matter shall be submitted to the Court for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Court.

10. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of confidential business information.

12. Upon termination of this litigation, each party that is subject to this order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Court, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

13. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this litigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

14. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

15. **Source Code.** A supplier may designate documents, information, or things as "CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION," which shall mean litigation material of a supplier or of any non-parties that a supplier is permitted to produce in this litigation that constitutes or contains non-public Source Code.

A.  **Definitions:**

  (i)  "Source Code" shall mean source code and object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator). For avoidance of doubt, this includes source files, make files, intermediate output files, executable file header files, resource files, library files, module definition files, map files object files, linker files, browse info files, and debug files. For clarity, "Source Code" does not include paths, filenames, and print logs containing paths and filenames;

  (ii)  "Outside Litigation Counsel" shall mean outside counsel who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A), as well as any necessary secretarial and support personnel assisting such counsel who are regularly employed by outside counsel;

B.  Materials designated as "CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION,"[1] shall only be reviewable by SOURCE CODE QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following: (1) Outside Litigation Counsel as necessarily incident to the litigation of this litigation; (2) personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this litigation; (3) personnel at interpretation/translation service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this litigation, including without limitation oral interpreters and document translators; (4) the Court, Court

---

[1] The designations "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" and "CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION" shall be synonymous and may be used interchangeably.

personnel and contract personnel who are acting in the capacity of Court employees as indicated in paragraph 3 of this Protective Order; (5) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this litigation; and (6) qualified consultants and/or qualified experts in this litigation (under paragraphs 3, 4 and 9 of the Protective Order in this litigation). Qualified consultants and/or qualified experts may only review CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION after being expressly identified to the supplier as seeking access to CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION. If the receiving party wishes an already identified qualified consultant or qualified expert to receive CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION, it must re-comply with the provisions of paragraph 9 of this Protective Order in this litigation, including allowing the supplier an opportunity to object to this qualified consultant or qualified expert receiving CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION, and identifying the proposed qualified consultant or qualified expert as seeking access to CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION (see subsection 15(C)(v) below).

C. Source Code shall be provided with the following additional protections:

   (i) Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

   (ii) Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

(iii) Access to Source Code shall be provided in a secure room on a stand-alone computer (the "source code computer")—i.e. a computer that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet. The source code computer shall be kept in a secure location at the offices of the supplier's Outside Litigation Counsel, or at such other location as the supplier and receiving party mutually agree. The source code computer may be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The supplier shall make Source Code available for inspection in a computer-searchable format on the source code computer. The source code computer shall, at the receiving party's request, include reasonable analysis tools appropriate for the type of Source Code. The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the supplier so that the supplier may install such tools on the source code computer. To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records shall not be reviewed, altered, or deleted by the supplier. Tools sufficient to search the contents of all source code files shall be made available on the source code computer.

(iv) The receiving party shall provide at least three (3) business days' notice to access the source code and make reasonable efforts to restrict its requests for access to the source code computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location. Upon reasonable notice from the receiving party, which shall not be less than five (5) business days in advance, the supplier shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business

hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the supplier's Outside Litigation Counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this litigation. It is expected that access to the Source Code shall be provided at the site of any hearing or trial. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the source code computer.

(v) All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a receiving party shall be identified in writing to the supplier at least two (2) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under paragraph 15(B) of this Protective Order. The supplier shall provide these individuals with information explaining how to start, log on to, and operate the source code computer in order to access the produced Source Code on the source code computer. For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the receiving party shall give at least one business day (and at least 24 hours) notice to the supplier of such review.

(vi) No person other than the supplier may alter, dismantle, disassemble or modify the source code computer in any way, or attempt to circumvent any security feature of the computer.

(vii) Unless expressly allowed herein, no person is permitted to copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of Source Code, except that the receiving party may request a

reasonable number of pages of source code to be printed and produced by the supplier, but only if and to the extent reasonably necessary for use in this action. Specifically, during any Source Code review session, the SOURCE CODE QUALIFIED PERSONS may print portions of source code as PDF files to be saved in a designated folder created by the supplier on the source code computer. The supplier shall produce a single, text-searchable, password-protected PDF file containing the PDF files in the designated folder for each source code review session. Each page of the PDF file shall bear the designation "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" and Bates numbering. The PDF file will be produced on a hard drive or flash memory drive, or other encrypted electronic means, which shall be password protected and encrypted using PGP encryption software. The supplier shall provide, in a separate communication, the necessary passwords needed to access any source code produced in this manner.

(viii) Subject to the provisions herein, PDF files of requested source code shall be produced to the receiving party either within three (3) business days if fewer than 100 PDF pages are requested or within seven (7) business days if a larger number of pages is requested. The SOURCE CODE QUALIFIED PERSONS, on behalf of the receiving party, shall not be allowed to print to PDF for production any continuous portions of source code that results in more than 50 PDF pages (except where a routine or function is longer in length than 50 PDF pages). A receiving party must show cause in order to request that more than 550 total PDF pages of source code be printed to PDF for production. If the SOURCE CODE QUALIFIED PERSONS, on behalf of the receiving party, requests that more than 550 total pages of source code to be printed to PDF for

production, the supplier may object to producing the amount that exceeds 550 PDF pages but will bear the burden of demonstrating why it should not comply with the request in any motion practice (whether brought as a motion to compel or for a protective order) before the Court in view of the receiving party's good-cause showing. The supplier shall give the receiving party notice of such objection within five (5) days. If after meeting and conferring the supplier and the receiving party cannot resolve the objection, the objecting party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the requested. Contested Source Code PDF files need not be produced to the receiving party until the matter is resolved by the Court, but the supplier will agree to a reasonable expedited briefing schedule for the motion.

(ix) The receiving party, and the SOURCE CODE QUALIFIED PERSONS acting on behalf of the receiving party, shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code. A SOURCE CODE QUALIFIED PERSON may, however, bring one non-networked laptop computer (with any internet and other network capabilities disabled) into the secure room with the source code computer for purposes of taking notes. No other outside electronic devices, including but not limited to laptops, floppy drives, zip drives, USB memory sticks, portable hard drives, cameras/camcorders or other hardware shall be permitted in the secure room. Nor shall any cellular or other telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. All

persons entering the secure room containing the source code computer must agree to represent, upon request, that they are not carrying any prohibited items before they will be given access to the area. The receiving party will make provisions to not carry any prohibited items into the secure room. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's Outside Litigation Counsel and/or qualified consultants and/or qualified experts may remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party is not responsible for any items left in the room following each inspection session.

(x) No SOURCE CODE QUALIFIED PERSONS shall be entitled to copy lines of source code into notes or make notes using the source code computer, except notes containing function and/or variable names less than 25 characters long, English non-source code comments, or as otherwise provided herein.

(xi) Requesting PDF files of source code is not allowed as a substitute for inspection on the source code computer. Source code inspection is to happen via and only via the source code computer.

(xii) The receiving Party shall be permitted to make no more than two additional electronic or hard copies of any Source Code PDF files produced pursuant to this order (i.e. shall maintain no more than three copies). Each of these additional copies shall be designated and clearly labeled "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION," and the receiving party shall maintain a log of all such copies, which it must produce to the supplier upon request. No other copies of source code shall be made unless otherwise allowed herein.

- **(xiii)** Electronic copies of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), may be filed or served electronically, provided that: (1) such excerpts will not be more Source Code than reasonably necessary for the purposes of the filing; (2) any such electronic documents shall be stored under password protected access; and (3) notwithstanding the fact that the document containing Source Code will exist in electronic form, any such document must be stamped, in addition to the confidentiality stamp required by the protective order, CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION.
- **(xiv)** The supplier shall, on request, make a searchable electronic copy of the Source Code available on a source code computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The receiving party shall make such request at the time of the notice for deposition.
- **(xv)** Nothing in this Protective Order shall be construed to limit how a supplier may maintain material designated as CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION.
- **(xvi)** Outside Litigation Counsel for the receiving party with custody of CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE-OUTSIDE LITIGATION COUNSEL EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside Litigation Counsel for the receiving party will produce, upon request, each such source code

  log to the supplier within twenty (20) days of the final determination of the litigation.

 (xvii) If the receiving party's Outside Litigation Counsel, qualified consultants and/or qualified experts, and/or other SOURCE CODE QUALIFIED PERSONS retained by Outside Litigation Counsel obtain Source Code pursuant to the provisions herein, the receiving party shall ensure that such persons keep the source code material in a secured locked area in the offices of such Outside Litigation Counsel, consultants, or expert. Electronic copies of source code PDF files must be kept on encrypted, password-protected electronic media in the possession of such Outside Litigation Counsel, consultants, or experts. The receiving party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (e.g., a hotel prior to a Court proceeding or deposition).

 (xviii) To the extent that any Source Code is transmitted from or to Outside Litigation Counsel, Qualified Consultants, or Qualified Experts outside of the receiving party's Outside Litigation Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format) by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

**16.** No prejudice. Paragraph 15 above is without prejudice to any party's rights to propose, request or otherwise move for different provisions relating to source code production in this litigation.

17. Export controls. Absent agreement, a supplier's confidential business information must be stored and maintained by a receiving party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Absent agreement, a supplier's confidential business information may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to a H-1B visa sponsored by the receiving party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the receiving party. Nothing in this paragraph shall preclude incidental storage of a supplier's confidential business information (e.g., on mobile devices) while traveling overseas by individuals authorized to view such information under this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 19, 2017

/s/
Ivan D. Davis
United States Magistrate Judge

# ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Virginia on _____ [date] in the case of *Amazon.com, Inc. v. Straight Path IP Group, Inc.*, Civil Action No. 1:15-cv-00682. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# ATTACHMENT B

# NONDISCLOSURE AGREEMENT FOR
# REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the litigation or hearing in *Amazon.com, Inc. v. Straight Path IP Group, Inc.*, Civil Action No. 1:15-cv-00682 except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the litigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said litigation.

Signed _____

Dated _____

Firm or affiliation _____