**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STRAIGHT PATH IP GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | The Hon. Anthony J. Trenga <br><br> Case No. 1:15-cv-00682 (AJT-IDD) |

**ANSWER OF PLAINTIFF AMAZON.COM TO COUNTERCLAIMS OF
DEFENDANT STRAIGHT PATH IP GROUP, INC.'S COUNTERCLAIMS**

*Of counsel:*

J. David Hadden**\***
dhadden@fenwick.com
Saina Shamilov**\***
sshamilov@fenwick.com
Todd R. Gregorian**\***
tgregorian@fenwick.com
Ravi Ranganath**\***
rranganath@fenwick.com
Dargaye Churnet**\***
dchurnet@fenwick.com
Shannon E. Turner**\***
sturner@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

**\****Admitted Pro Hac Vice*

October 6, 2017

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 697-1339

Mary C. Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

*Counsel for Plaintiff*
AMAZON.COM, INC.

Plaintiff Amazon.com, Inc. ("Amazon") hereby answers the Counterclaims of Defendant Straight Path IP Group, Inc. ("Straight Path") as follows:

40. Amazon incorporates and restates the allegations set forth in paragraphs 1-39 of its Declaratory Judgment Complaint. Amazon admits that Straight Path purports to incorporate by reference its responses to paragraphs 1-39 of Amazon's Declaratory Judgment Complaint.

## THE PARTIES[1]

41. Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 41 of the Counterclaims and, on that basis, denies them.

42. Amazon admits the allegations of paragraph 42 of the Counterclaims.

## JURISDICTION AND VENUE

43. Amazon admits that this is an action for patent infringement arising under the patent laws of the United States, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

44. Amazon admits that Straight Path purports to allege that this Court has personal jurisdiction over Amazon. Amazon admits that its subsidiaries sell and offer for sale products and services that are shipped or provided to customers in this judicial district, and that it has currently-pending patent litigation in this judicial district. Amazon denies the remaining allegations of paragraph 44 of the Counterclaims.

45. Amazon admits that Straight Path purports to allege that venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Amazon admits that its subsidiary, Amazon Web Services, Inc., has at least one facility located in this judicial district. Amazon admits that

---

[1] To the extent that Straight Path intends the headings in its Counterclaims to constitute allegations, Amazon denies them. The headings in Amazon's answer do not constitute responses to them.

Straight Path purports to refer to and quote selectively from portions of a certain online article, which article speaks for itself. Amazon admits that certain of its subsidiaries sell and offer for sale products and services that are provided to customers in this judicial district. Amazon denies that it has committed acts of infringement in this or any other judicial district. Amazon lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 45, which relate to Straight Path, and, on that basis, denies them.

## FIRST COUNTERCLAIM

(Infringement of U.S. Patent No. 6,009,469)

46. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 40 through 45 of the Counterclaims.

47. Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 47 of the Counterclaims and, on that basis, denies them.

48. Amazon admits that the U.S. Patent No. 6,009,469 (the "'469 patent") is titled "Graphical User Interface for Internet Telephony Applications." Amazon denies that a copy of the '469 patent is attached as Exhibit A to Straight Path's Counterclaims.

49. Amazon admits that the '469 patent expired on September 25, 2015. Amazon denies the remaining allegations of paragraph 49 of the Counterclaims.

50. Amazon denies the allegations of paragraph 50 of the Counterclaims.

51. Amazon denies the allegations of paragraph 51 of the Counterclaims.

52. Amazon denies the allegations of paragraph 52 of the Counterclaims.

53. Amazon admits that during some portion of the term of the '469 patent, Amazon subsidiaries provided customers access to streaming movies and television episodes through the Amazon Video service, and that this service could be accessed using applications installed on a

variety of devices, including the Amazon Fire TV product and consumer products sold by LG Electronics, Inc. and related entities ("LGE"), VIZIO, Inc. ("VIZIO"), and Samsung Electronics Co., Ltd. and related entities ("Samsung"). Amazon denies the remaining allegations of paragraph 53 of the Counterclaims.

54. Amazon denies the allegations of paragraph 54 of the Counterclaims.

55. Amazon denies the allegations of paragraph 55 of the Counterclaims.

56. Amazon denies the allegations of paragraph 56 of the Counterclaims.

**SECOND COUNTERCLAIM**

(Infringement of U.S. Patent No. 6,108,704)

57. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 40 through 56 of the Counterclaims.

58. Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 58 of the Counterclaims and, on that basis, denies them.

59. Amazon denies that the U.S. Patent No. 6,108,704 (the "'704 patent") is titled "Point-to-Point Computer Network Communications Utility Utilizing Dynamically Assigned Network Protocol Addresses," and that a copy of the '704 patent is attached as Exhibit B to Straight Path's Counterclaims.

60. Amazon admits that the '704 patent expired on September 25, 2015. Amazon denies the remaining allegations of paragraph 60 of the Counterclaims.

61. Amazon denies the allegations of paragraph 61 of the Counterclaims.

62. Amazon denies the allegations of paragraph 62 of the Counterclaims.

63. Amazon denies the allegations of paragraph 63 of the Counterclaims.

64. Amazon admits that during some portion of the term of the '704 patent, Amazon subsidiaries provided customers access to streaming movies and television episodes through the Amazon Video service, and that this service could be accessed using applications installed on a variety of devices, including the Amazon Fire TV product and consumer products sold by LGE, VIZIO, and Samsung. Amazon denies the remaining allegations of paragraph 64 of the Counterclaims.

65. Amazon denies the allegations of paragraph 65 of the Counterclaims.

66. Amazon denies the allegations of paragraph 66 of the Counterclaims.

67. Amazon denies the allegations of paragraph 67 of the Counterclaims.

### THIRD COUNTERCLAIM

(Infringement of U.S. Patent No. 6,131,121)

68. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 40 through 67 of the Counterclaims.

69. Amazon lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 69 of the Counterclaims and, on that basis, denies them.

70. Amazon admits that the U.S. Patent No. 6,131,121 (the "'121 patent") is titled "Point-to-Point Computer Network Communication Utility Utilizing Dynamically Assigned Network Protocol Addresses." Amazon denies that a copy of the '121 patent is attached as Exhibit C to its Counterclaims.

71. Amazon admits that the '121 patent expired on September 25, 2015. Amazon denies the remaining allegations of paragraph 71 of the Counterclaims.

72. Amazon denies the allegations of paragraph 72 of the Counterclaims.

73. Amazon denies the allegations of paragraph 73 of the Counterclaims.

74. Amazon denies the allegations of paragraph 74 of the Counterclaims.

75. Amazon admits that during some portion of the term of the '121 patent, Amazon subsidiaries provided customers access to streaming movies and television episodes through the Amazon Video service, and that this service could be accessed using applications installed on a variety of devices, including the Amazon Fire TV product and consumer products sold by LGE, VIZIO, and Samsung. Amazon denies the remaining allegations of paragraph 75 of the Counterclaims.

76. Amazon denies the allegations of paragraph 76 of the Counterclaims.

77. Amazon denies the allegations of paragraph 77 of the Counterclaims.

78. Amazon denies the allegations of paragraph 78 of the Counterclaims.

## PRAYER FOR RELIEF

Amazon denies that Straight Path is entitled to any of the relief requested in the Counterclaims or any relief whatsoever. Amazon denies all allegations in the Counterclaims that have not been specifically admitted in paragraphs 40-78 above.

## DEMAND FOR JURY TRIAL

Straight Path's demand for a jury trial in the Counterclaims does not require a response.

## ADDITIONAL DEFENSES

Amazon asserts the following additional defenses to the Counterclaims. In doing so, Amazon does not assume any burden of proof on any issue that is Straight Path's burden as a matter of law. Amazon also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE: FAILURE TO STATE A CAUSE OF ACTION

The Counterclaims fail to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE: NON-INFRINGEMENT ('469 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '469 patent and is not liable for any infringement.

### THIRD DEFENSE: INVALIDITY ('469 PATENT)

The '469 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH DEFENSE: NON-INFRINGEMENT ('704 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '704 patent and is not liable for any infringement.

### FIFTH DEFENSE: INVALIDITY ('704 PATENT)

The '704 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### SIXTH DEFENSE: NON-INFRINGEMENT ('121 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '121 patent and is not liable for any infringement.

## SEVENTH DEFENSE: INVALIDITY ('121 PATENT)

The '121 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## EIGHTH DEFENSE: ESTOPPEL

The relief sought by Straight Path is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '469 patent, the '704 patent, and/or the '121 patent.

## NINTH DEFENSE: DEDICATION TO THE PUBLIC

The relief sought by Straight Path is barred, in whole or in part, because Straight Path dedicated to the public all methods, systems, and products disclosed in the '469 patent, the '704 patent, and/or the '121 patent, but not literally claimed therein.

## TENTH DEFENSE: LIMITATION ON DAMAGES AND COSTS

Straight Path's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the '469 patent, the '704 patent, and/or the '121 patent is invalid, Straight Path is barred from recovering costs by 35 U.S.C. § 288.

## ELEVENTH DEFENSE: GOOD FAITH

Amazon has engaged in all relevant activities in good faith, thereby precluding Straight Path, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

## RESERVATION OF ADDITIONAL DEFENSES

Amazon reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment with respect to Straight Path's Counterclaims and Amazon's defenses as follows:

    a.    A judgment in favor of Amazon denying Straight Path all relief requested in its Counterclaims and dismissing its Counterclaims with prejudice;

    b.    A judgment against Straight Path finding that Amazon has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the '469 patent, the '704 patent, and the '121 patent;

    c.    A judgment against Straight Path finding that the '469 patent, the '704 patent, and the '121 patent are invalid;

    d.    A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys' fees;

    e.    For an award of costs to Amazon; and

    f.    Such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Amazon hereby requests a trial by jury on all issues so triable including specifically on Straight Path's Counterclaims and Amazon's defenses thereto.

/ / / /

October 6, 2017

Respectfully submitted,

**AMAZON.COM, INC.**

*/s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
   robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
   la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1246
Facsimile: (804) 697-1339

*Of counsel:*

J. David Hadden *
   dhadden@fenwick.com
Saina Shamilov *
   sshamilov@fenwick.com
Todd R. Gregorian *
   tgregorian@fenwick.com
Ravi R. Ranganath *
   rranganath@fenwick.com
Dargaye Churnet *
   dchurnet@fenwick.com
Shannon E. Turner *
   sturner@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

* *Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Robert G. Kidwell.
>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
>701 Pennsylvania Ave, NW, Suite 900
>Washington, DC  20004
>rgkidwell@mintz.com
>
>*Counsel for Defendant Straight Path IP Group, Inc.*

>/s/ Robert A. Angle
>Robert A. Angle (VSB No. 37691)
>   robert.angle @troutmansanders.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone:  (804) 697-1468
>Facsimile:  (804) 697-1339
>
>*Counsel for Plaintiff Amazon.com, Inc.*

10